409 F.2d 1013
 In the Matter of the Complaint of BARRACUDA TANKER CORPORATION as Owner of the S/T TORREY CANYON and Union Oil Company of California for exoneration from or limitation of liability, Plaintiffs-Appellees,
The UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND, the Republic of France, and the States of Guernsey, Claimants-Appellants.
 No. 102.
 No. 103.
 No. 104.
 Docket 32377.
 Docket 32379.
 Docket 32380.
 United States Court of Appeals Second Circuit.
 Argued October 15, 1968.
 Decided March 21, 1969.
 
 Symmers, Fish & Warner, New York City, for plaintiff-appellee, Union Oil Company of California.
 Hill, Betts, Yamaoka, Freehill & Longcope, New York City (Edwin Longcope, Allan J. Berdon, New York City, of counsel), for claimants-appellants.
 Before WATERMAN and MOORE, Circuit Judges, and BONSAL, District Judge.*
 BONSAL, District Judge:
 This appeal concerns the S/T TORREY CANYON, a tanker which grounded off the coast of England on March 18, 1967, and eventually broke up and sank after being bombed and burned by aircraft of the Royal Air Force. The TORREY CANYON's cargo, 119,328 tons of crude oil, was discharged into the Atlantic Ocean and substantial amounts found their way to the beaches on both sides of the English Channel.
 The TORREY CANYON's registered owner was the Barracuda Tanker Corporation (Barracuda), a Liberian corporation. Since January 9, 1959, she had been under a 20-year time charter to the Union Oil Company of California (Union), a California corporation. The time charter was renegotiated in April, 1965, following substantial structural enlargement of the vessel. The crude oil which the TORREY CANYON was carrying at the time of the stranding and sinking had been shipped by British Petroleum Trading, Ltd., under a voyage charter with Union, with freight payable at destination.
 On September 19, 1967, Barracuda, as owner of the TORREY CANYON, and Union, as charterer, filed a petition in the Southern District of New York for exoneration from or limitation of liability, pursuant to 46 U.S.C. §§ 183-189, and Supplementary Rule F(3), F.R.Civ.P. On September 22, 1967, Judge Bryan entered an ex parte order enjoining the prosecution of all independent actions and proceedings in the United States, its territories and possessions, and approving the interim stipulation for the value of Barracuda's and Union's interest in the vessel and pending freight of $50.00.
 Thereafter, claims against Union alone were filed by the United Kingdom of Great Britain and Northern Ireland, the Republic of France, and the States of Guernsey (Government claimants). The Government claimants alleged, inter alia, the following:
 "* * * the said S/T TORREY CANYON was negligently navigated so as to cause the said vessel to strand on rocks * * * and as a result of said stranding her cargo compartments and hull plating in way of said compartments were ruptured, causing her crude oil cargo to leak into the sea * * *.
 "The aforesaid stranding and resultant damages * * * were caused by the fault, negligence, instigation and undertaking of * * * Union * * in creating or causing to be created and brought about arrangements whereby the said vessel TORREY CANYON was caused to be purchased, financed, placed in service and maintained in service, through the ownership and operation of Barracuda * * for the use and benefit of * * * Union * * *, through whose compulsions exercised upon the owner of said vessel, and others connected therewith, it brought about the damaging consequences which form the subject of the claim herein."
 On November 13, 1967, the Government claimants moved to reappraise the value of the interest of Union in the TORREY CANYON; and to modify the ex parte order of September 22, 1967 by striking therefrom that portion enjoining independent proceedings against Union, on the ground that Union was neither a "charterer" nor an "owner" within the meaning of the Limitation Act, 46 U.S.C. §§ 183-189, and, therefore, not entitled to the benefits of the Limitation Act.
 Judge Metzner, in an opinion reported at 281 F.Supp. 228, 231 (S.D.N.Y.1968), held that § 186 of the Limitation Act "accord[ed] the right to limit liability to the bareboat charterer, while denying that right to the time charterer"; that "the clear import of the charter party's terms * * * place squarely upon Barracuda the responsibility for procuring the goods and services needed to man, victual and navigate the ship"; and that "Union was not the kind of charterer comprehended by § 186."
 However, Judge Metzner denied the motion to modify the ex parte order because he concluded that "analysis of [the Government claimants'] claims leads to the inescapable conclusion that, if they are successful in holding Union accountable, it will probably be because Union was "owner" of the vessel as that term [in § 183] has been construed in the past * * * Therefore, any determination of Union's ability to limit its liability must await the trial of this action." 281 F.Supp. at 232.
 Judge Metzner also denied the motion to reappraise the value of Union's interest in the TORREY CANYON.
 Government claimants appeal only from that portion of Judge Metzner's order denying their motion to modify the ex parte order enjoining actions against Union. Jurisdiction on this appeal from an interlocutory order is predicated upon 28 U.S.C. § 1292(a) (1).
 Government claimants argue that Judge Metzner was correct in holding that Union, as a time-charterer which did not "man, victual, and navigate [the] vessel at her own expense," was not a "charterer" which could limit its liability, but that Judge Metzner erred in concluding that Union might be found to be an "owner" within § 183 and that Union's liability could be predicated only upon its status as an "owner."
 Government claimants contend that Union's liability for damages to them is predicated upon Union's "status as author and architect of the schemes and entities, including Barracuda, which were designed to further the ultimate business purposes of Union"; and they urge that they be given the opportunity to litigate their claims against Union.
 We think that the Government claimants should be given this opportunity. The theory upon which they apparently are proceeding is that the stranding and sinking of the TORREY CANYON and the damage to their shores were caused by activities of Union unrelated to the navigation of the vessel, and that Union had something to do with the original designing and manufacturing of the TORREY CANYON in 1958 and with its enlargement in 1965. In this regard, the Supreme Court has held in American Car & Foundry v. Brassert, 289 U.S. 261, 263, 265-266, 53 S.Ct. 618, 619, 77 L.Ed. 1162 (1933), that the limitation of liability act "was enacted to encourage investments in ships * * * but it was not concerned with construction as a mere enterprise of manufacture, which itself was not a maritime activity * * * [P]etitioner's liability, if any, * * * would depend upon petitioner's conduct as maker of the vessel, that is, upon the question whether in the circumstances petitioner could be held guilty of actionable neglect in it manufacture."
 No good reason has been advanced as to why the Government claimants must await the trial of the limitation proceeding before asserting their claims against Union. No case has been cited to us which supports the contention of Union that, as a time-charterer, it may be an "owner" within § 183, even though it is not a "charterer" within § 186. "It seems quite plain that time charterers * * * are not entitled, as such, to take any benefit of the limitation of liability statutes." 3 Benedict, Admiralty § 498 (6th ed. 1940).
 Finally, it is hard to see how it would foster the purposes of the limitation of liability statutes to allow Union, only incidentally in the shipping industry through Barracuda, to delay prosecution of claims not covered by the statutes. Mr. Justice Black, dissenting in Maryland Casualty Co. v. Cushing, 347 U.S. 409, 437, 74 S.Ct. 608, 98 L.Ed. 806 (1954), commented:
 
 
 1
 "Judicial expansion of the Limited Liability Act at this date seems especially inappropriate. Many of the conditions in the shipping industry which induced the 1851 Congress to pass the Act no longer prevail. And later Congresses, when they wished to aid shipping, provided subsidies paid out of the public treasury rather than subsidies paid by injured persons."
 
 
 2
 The proceeding is remanded to the Southern District of New York with direction to modify the injunction of September 22, 1967 to permit the Government claimants to assert in that Court claims against Union unrelated to the navigation of the TORREY CANYON at the time of the stranding.
 
 
 
 Notes:
 
 
 *
 Of the Southern District of New York, sitting by designation